UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-CV-00203-FDW-DCK

| | |
|---|---|
| SOUTHEASTERN PUBLIC SAFETY GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RANDY MUNN, *individually and in his Official Capacity as North Carolina's Police Administrator*, *et al.*, )<br>)<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Defendants Adam Tranum and Capitol Special Police, LLC's (collectively, "**CSP**") Motion for Attorney's Fees (Doc. No. 48), filed on August 25, 2021, and Plaintiff's Motion to Alter Judgment (Doc. No. 50), filed on September 8, 2021. These Motions have been fully briefed and are now ripe for review. For the reasons stated herein, the Court DENIES CSP's Motion for Attorney's Fees (Doc. No. 48) and Plaintiff's Motion to Vacate Judgment and Stay Proceedings (Doc. No. 50).

I. **MOTION FOR ATTORNEY'S FEES**

On August 25, 2021, CSP filed its Motion for Attorney's Fees, seeking a total award of $24,417.50, pursuant to 42 U.S.C. § 1988, N.C. Gen. Stat. § 75-16.1, and this Court's "inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct." (Doc. No. 48).

In any section 1985 action, "the court, in its discretion, may allow the prevailing party… a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court, however, has established a high standard for deciding a defendant's motion for attorney's fees. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978). "For a defendant to succeed, he

1

must show that the plaintiff's claim 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Lotz Realty Co. v. U.S. Dep't. of Hous. & Urb. Dev., 717 F.2d 929, 931-32 (4th Cir. 1983) (citing Christiansburg, 434 U.S. at 422). Similarly, N.C. Gen. Stat. § 75-16.1 allows a court to award "a reasonable attorney fee" to the "the prevailing party" upon concluding that "[t]he party instituting the action knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75-15.1(2).

Although Plaintiff's civil conspiracy and UDTPA claims against CSP border on frivolous and unreasonable, the Court finds the extreme sanction of attorney's fees inappropriate here, particularly in light of the sole dismissal at such an early stage in the proceedings. Cf. Unus v. Kane, 565 F.3d 103 (4th Cir. 2009) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993) (endorsing a § 1988 award of attorney's fees where "the defendants prevailed after years of vexatious litigation."); TMM Data, LLC v. Braganza, No. 5:14-cv-729-FL, 2016 WL 1228595 (E.D.N.C. Mar. 28, 2016) (citing Blue v. U.S. Dep't. of Army., 914 F.2d 525, 537 (4th Cir. 1990) (finding a Chapter 75 award of attorney's fees to a prevailing defendant should not be based "simply on the filing of a frivolous suit but also on the prolonged maintenance of a frivolous suit."). Accordingly, the Court DENIES CSP's Motion for Attorney's Fees (Doc. No. 48).

## II. MOTION TO VACATE JUDGMENT AND STAY PROCEEDINGS

The Court now turns to Plaintiff's Motion to Alter Judgement (Doc. No. 50), wherein Plaintiff moves this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to vacate its August 11, 2021, Order dismissing Plaintiff's Amended Complaint (Doc. No. 46), and the Clerk's Judgment (Doc. No. 47) filed in accordance therewith, (collectively, the "**August Order**") and stay proceedings pending resolution of North Carolina Superior Court case 20 CVS 16699.

It is well-settled that reconsideration of a judgment after its entry is considered "an

extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)).  Although Rule 59(e) does not provide a standard under which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit has recognized three *limited* grounds for granting a motion for reconsideration under the Rule: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice.  See U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (citing Pac. Ins. Co., 148 F.3d at 403).  Therefore, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pac. Ins. Co., 148 F.3d at 403 (quoting Wright, et al., supra §2810.1 at 127-28).

Here, Plaintiff has failed to show the existence of any of the limited circumstances under which a Rule 59(e) motion may be granted and merely urges the Court to change its mind. See Medlock v. Rumsfeld, 336 F.Supp.2d 452, 470 (D.Md. 2002), aff'd, 86 F. App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so.  Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized.").  In support of its Motion, Plaintiff first asserts the "Court's determination that Plaintiff only sued the government defendants in their official capacities and that those claims were barred by Eleventh Amendment Immunity… is clearly erroneous because it fails to consider facts pleaded in the Amended Complaint that must be taken as true at [the Motion to Dismiss] stage and that set forth individual-capacity claims against all individual defendants under the [Biggs v. Meadows, 66 F.3d 56 (4th Cir. 1995)] factors." (Doc. No. 50-1, p. 2).  Contrary to Plaintiff's assertions, however, the Court clarified throughout the
3

August Order that the allegations contained in Plaintiff's Amended Complaint were taken as true. See Doc. No. 46, pp. 2, 9. Even taking Plaintiff's allegations as true, the Court nevertheless found the relevant Defendants had been sued only in their official capacities. Moreover, the Court explained, "[t]o be sure, the Amended Complaint states Defendant Thaxton acted 'outside the scope of [her] official duties,' (Doc. No. 7, p. 29); however, a cursory legal conclusion is not sufficient to overcome the true substance of the claims against Defendant Thaxton—that Defendant Thaxton violated the law while carrying out her official duties." Doc. No. 46, p. 11.

Second, Plaintiff asserts that a July 8, 2021, Mecklenburg County Superior Court Order constitutes new, material evidence. (Doc. No. 50-1, pp. 4-5). In support of this argument, Plaintiff merely proclaims that it contacted opposing counsel in accordance with Local Civil Rule 7.1 regarding their positions on Plaintiff filing a supplemental pleading, but counsel for Defendants Munn, Squires, and the Commission was on parental leave through September 6, 2021. Id. at 5. As a result, Plaintiff postulates, the "evidence could not have been presented," and should be considered new evidence for purposes of Rule 59(e). Id. The Court finds Plaintiff's second argument vacuous and without merit. Although the Superior Court's Order was issued after Plaintiff's deadline to respond to the Defendants' Motion to Dismiss, Plaintiff fails to sufficiently justify its failure to notify this Court of the alleged significance of the Super Court's Order or its failure to move for leave to file a supplemental pleading in the time between the Superior Court's Order and the August Order.[1,2] Moreover, Plaintiff admits the Superior Court's Order "is based

---

[1] The Court also notes Plaintiff waited an additional twenty-eight (28) days from the entry of the August Order to file its Motion to Vacate Judgment and Stay Proceedings and assert the Superior Court Order was new, material evidence.

[2] Local Civil Rule 7.1 provides, "civil motions must show that counsel have conferred and attempted in good faith to resolve areas of disagreement, *or describe the timely attempts of the movant to confer with opposing counsel.*" LCvR 7.1(b) (emphasis added). Therefore, Plaintiff was in no way prohibited from notifying the Court of the "new evidence" and/or filing a motion for leave to file a supplemental pleading between July 8, 2021, and August 11, 2021, regardless of Plaintiff's Counsel's inability to confer with opposing counsel.

4

on an email that Plaintiff mentioned in its factual allegations and attached to its Amended Complaint," which Plaintiff filed on February 2, 2021. (Doc. No. 50-1, p. 5). Accordingly, the email, and the Superior Court's Order based thereon, cannot constitute new evidence.

Third, Plaintiff asserts this "Court's failure to consider Defendant Munn's under-oath misrepresentations would be a manifest injustice." (Doc. No. 50-1, p. 6). Again, the Court disagrees, for the reasons stated above and because the Court expressly acknowledged Plaintiff's assertion of claims for tortious interference with contract and fraud in the August Order. See Doc. No. 46, p. 22. In addition, Plaintiff's failure to make every – or any – attempt to notify the Court of the Superior Court's Order relating to Defendant Munn's alleged under-oath misrepresentations until two months after its issuance suggests its lack of significance and materiality in this matter. As such, the Court finds Plaintiff has failed to show the existence of any of the limited circumstances under which a Rule 59(e) motion may be granted and DENIES Plaintiff's Motion to Vacate Judgment and Stay Proceedings (Doc. No. 50).

### III. CONCLUSION

For the reasons stated above, IT IS THEREFORE ORDERED that CSP's Motion for Attorney's Fees (Doc. No. 48) is DENIED and Plaintiff's Motion to Vacate Judgment and Stay Proceedings (Doc. No. 50) is DENIED.

IT IS SO ORDERED.

Signed: January 3, 2022

Frank D. Whitney
United States District Judge